IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


EDDIE P. GREEN, FP-4602,      )
      Petitioner,          )
                          )
        v.              )  2:08-cv-155
                          )
MELVIN LOCKETT, et al.,      )
      Respondents.        )


SUPPLEMENTAL REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition of Eddie P. Green for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.


II.  Report:

Eddie P. Green an inmate at the State Correctional Institution at Greensburg has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Green is presently serving a twenty-two to forty-four year sentence imposed following his conviction, by a jury, of third degree murder and aggravated assault at No. CP-65-CR-4232-2001 in the Court of Common Pleas of Westmoreland County, Pennsylvania. This sentence was imposed on December 19, 2002.[1] An appeal was taken to the Superior Court in which the issues presented were:

> I.     Whether the evidence was sufficient as a matter of law to sustain the verdict when the physical facts as well as the Commonwealth's evidence contradicted the verdict of guilty of third degree murder?
>
> II.    Whether the verdict was against the weight of the evidence or the testimony of numerous Commonwealth witnesses were so inconsistent as to render the jury's verdict as mere speculation?

---

[1] See: Petition at ¶¶ 1-6.

III.     Whether trial counsel was ineffective for failing to file post sentence
         motion preserving the right to have the trial court address the challenge to
         the weight of the evidence?[2]

On February 13, 2004, the judgment of sentence was affirmed.[3]

A timely post-conviction petition was filed and relief was denied on January 17, 2007.[4]

An appeal was taken to the Superior Court in which the issues presented were:

I.      Whether trial counsel's representation was ineffective for failing to
        request that Malik Wilson, an essential defense witness, not be brought
        before the jury in handcuffs and for improperly bringing out on direct
        questioning the fact that Wilson was in federal custody for criminal
        charges.

II.     Whether trial counsel's representation was ineffective for failing to
        request an instruction to the jury that they could draw an adverse inference
        from the fact that the police misplaced a bullet slug taken from the scene
        of the shooting.

III.    Whether trial counsel's representation was ineffective for making
        statements in the closing argument which opened the door for otherwise
        improper argument by the Commonwealth.[5]

On October 1, 2007 the denial of post-conviction relief was affirmed.[6] A petition for allowance

of appeal to the Pennsylvania Supreme Court was filed in which the first two issues raised in the

Superior Court were raised and Issue III raised in the Superior Court was apparently abandoned.[7]

On December 28, 2007 leave to appeal was denied.[8]

The instant petition, executed on January 30, 2008, raises the following issues:

I.      Ineffective assistance of trial counsel for failing to request that Malik
        Wilson, an essential defense witness, not be brought before the jury in
        handcuffs.

II.     Ineffective assistance of trial counsel for failing to request an instruction
        to the jury that they could draw an adverse inference.[9]

---

[2] See: Answer at p.70a.
[3] Id. at pp. 107a-115a.
[4] Id. at p.35a.
[5] Id. at p.123a.
[6] Id. at pp.152a-161a.
[7] Id. at p.166a.
[8] Id. at p.189a.
[9] See: Petition at ¶13.

The petition was dismissed at Green's request so that he could return to state court and raise additional issues.

Accordingly he returned to the Court of Common Pleas and on May 27, 2008, the court dismissed the additional issues raised by the petitioner as untimely and not qualifying for a "newly discovered" evidence exception.[10] An appeal was taken to the Superior Court which affirmed the denial of relief on May 4, 2009 concluding that there was no demonstration of "how the testimony of an additional witness indicating that Green acted in self-defense would have changed the jury's assessment of the evidence, especially regarding credibility determinations."[11] Allowance of appeal was denied by the Pennsylvania Supreme Court on September 30, 2009.[12]

On December 29, 2009, Green amended his original federal petition to add two additional claims:

III.   Both the lower and state appellate courts violated petitioner's Pennsylvania and United States Constitutional right to due process when they denied relief on his after discovered evidence claim, absent an evidentiary hearing to determine the credibility of petitioner's witness where said evidence clearly established petitioner's actual innocence.

IV.   Both the lower and state appellate courts violated petitioner's Pennsylvania and United States Constitutional right to due process when they failed to address petitioner's timely amended PCRA petition alleging additional newly/after discovered evidence. Evidence that if presented goes to prove petitioner's actual innocence. Thus, a miscarriage of justice has occurred.[13]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that

before a federal court will review any allegations raised by a state prisoner, those allegations

---

[10] See: Answer at pp.190a-196a.
[11] Id. at pp. 201a-207a.
[12] Id. at p.213a.
[13] See: Document No., 14 at pp. 2,4.

3

must first be presented to that state's highest court for consideration. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973); <u>Doctor v. Walters</u>, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. <u>Preiser v. Rodriguez</u>, <u>supra</u>.; <u>Walker v. Vaughn</u>, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. <u>Carter v. Vaughn</u>, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in <u>Williams v. Taylor</u>, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the

'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. <u>Renico v. Lett</u>, 130 S.Ct. 1855 (2010).

It is clear that the two issues which the petitioner raised in his original petition here regarding the alleged ineffective assistance of trial counsel have been raised in the appeals from the denial of post-conviction relief in both the Pennsylvania Superior and Supreme Courts and are properly before this Court for consideration.

The factual background to this prosecution is set forth in the October 1, 2007 Memorandum of the Superior Court which cited to the trial court's opinion:

[T]he defendant was tried by a jury and found guilty of one count of murder in the third degree and two counts of aggravated assault…

[T]he Commonwealth presented evidence that Appellant got into a physical altercation with victim Carver Richards at a nightclub. Appellant was kicked out of the club, but he returned shortly thereafter through the front door with a .40 caliber gun. Shots were fired near the front of the club, injuring two female bystanders. Appellant then ran toward the back door of the club and fired more shots toward the front of the club. The victim died from a .40 caliber shot to the chest. Richards shot and injured Appellant during his second altercation. Appellant and his friend Malik Wilson escaped out the back door.

Ballistics evidence established that six shots were fired from Appellant's .40 caliber weapon, and two shots were fired from the victim's .32 caliber weapon.[14]

Green now comes before this Court and argues in his first two issues that he is entitled to relief as a result of the ineffective assistance of counsel. In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." <u>Id</u>. at 688; <u>see</u> <u>also</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 390-91 (2000).

---

[14] See: Answer at pp. 152a-153a.

Second, under <u>Strickland</u>, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." <u>Strickland</u>, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694. The <u>Strickland</u> test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See <u>Strickland</u>, 466 U.S. at 687; <u>Rainey v. Varner</u>, 603 F.3d 189,197 (3d Cir.2010). As a result, if a petitioner fails on either prong, he loses. <u>Rolan v. Vaughn</u>, 445 F.3d 671 (3d Cir.2006).

Petitioner's first argument is that counsel was ineffective for not requesting that defense witness, Malik Wilson not be brought before the jury in handcuffs. At the post-conviction hearing, trial counsel testified that although Wilson was a material defense witness, he did not object to the witness appearing in handcuffs since it was clear from the record and his appearance in a jail jump-suit that he was in custody serving a sentence; that the determination to keep him cuffed was made by security personnel and that he introduced testimony during Wilson's direct examination regarding his incarceration because he knew that if he failed to do so, the prosecution would make inquiry during cross-examination (TT. 9/27/2006 pp. 5, 6-7, 7-10). Thus, it is apparent that experienced defense counsel did not view Wilson's appearance as an issue, and introduced testimony regarding Wilson's incarceration as an appropriate defense strategy. As a matter of trial strategy, this issue does not provide a basis for relief. <u>Rolan v. Vaughn</u>, <u>supra</u>. Nor can counsel be deemed ineffective for failing to raise a non-issue <u>Real v. Shannon</u>, 600 F.3d 302 (3d Cir.2010).

The petitioner also contends that counsel was ineffective for failing to request an adverse inference instruction addressing the fact that the police had misplaced a bullet slug found at the crime scene. As the Superior Court wrote:

> It is undisputed that police discover a "suspected" .32 caliber slug from the parking lot area outside the front door of the club. The police then apparently misplaced the slug without conducting tests on it. According to Appellant, the presence of the slug could have supported Appellant's position that the victim

shot at Appellant with a .32 caliber weapon near the front of the club, thus causing Appellant to return fire in self-defense…

> Appellant fails to meaningfully articulate what kind of "adverse inference" the jury could have drawn above and beyond what the jury already knew … the jury already knew that a suspected .32 caliber slug was found near the front of the club. At trial, counsel argued that the presence of this slug showed that the victim fired at Appellant near the front of the club. N.T. 9/30/10/4-02 at 623. The jury also knew that both men shot at each other during the melee. There is simply no reasonable probability that the result would have been different if the jury had been instructed that they many draw an adverse inference. Thus, we conclude that Appellant's claim falls for lack of arguable merit; even if it had merit, it would fail for lack of prejudice.[15]

These factual determinations are presumed correct here. 28 U.S.C. § 2254(e).

In addition, at the post-conviction hearing, trial counsel testified that he did not believe that the missing slug had any bearing on the case and that in fact arguments about it being missing would run counter to the defense theory of the case that the petitioner fired into the back of the club and not towards the front of the club where the slug was located (TT. 9/27/2006 at pp.11-17). Once again, as a matter of sound trial strategy, this allegation does not provide a basis for relief here. Real v. Shannon, supra.

In his amended petition, Greene contends that the "after discovered evidence" would demonstrate his actual innocence. Specifically:

> Green states that the new evidence was discovered on February 5, 2008, when his mother received a letter form Green's former cellmate containing an affidavit from another inmate who claimed to have witnessed the bar fight on January 29, 2001. In the affidavit, the proposed witness indicated that Green shot the victim in self-defense after the victim hit him on the head with a gun.[16]

After reviewing this claim and based on Pennsylvania standards regarding "newly discovered evidence" the Superior Court concluded that Green had failed to demonstrate how this additional evidence would likely have changed the jury's verdict noting that third degree murder is the intentional or reckless killing of another with malice but without the specific intent to kill.[17]

As further observed by the Superior Court the basis for the prosecution is that Green was involved in a fight with the victim; that after a struggle Green was removed from the bar, and

---

[15] Id. at pp.158a-160a.
[16] Id. at p.203a.
[17] Id. at pp.203a-205a.

that he returned with a gun and shot the victim.[18] A defense witness testified that the victim was the aggressor and that Green shot in self-defense.[19] Thus, the "newly discovered evidence" was merely cumulative of the evidence already presented and which as a result of its verdict was rejected by the jury. For this reason, the Superior Court concluded that under Pennsylvania law, Green had failed to demonstrate his entitlement to relief under the post-conviction act. As a matter of state law, this conclusion is not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

However, even if this were not the case, it is readily apparent that there is no doubt that the "newly discovered evidence" was merely cumulative of evidence previously rejected by the fact-finder. Credibility is not a matter redetermined by a federal habeas court. Marshall v. Lonberger, 459 U.S. 422 (1983).

Thus, the claims challenging the denial of a new trial based on "newly discovered evidence" do not provide a basis for relief here.

Accordingly since the record demonstrates that Green's conviction did not occur in a manner contrary to federal law as determined by the Supreme Court, he is not entitled to relief here. For this reason it is recommended that the petition of Eddie P. Green for a writ of habeas corpus be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell

Filed: January 24, 2012                         United States Magistrate Judge

---

[18] Id. at p.205a -206a.
[19] Id. at pp.206a-207a.